IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDY C. NOWELL, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 3:23-CV-562-MHT-CSC |
| A. DAVID JOHNSON, et al., | ) |
| Defendants. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Andy Nowell, an inmate incarcerated at Easterling Correctional Facility, in Clio, Alabama, filed this Complaint on September 21, 2023, on a form used by inmates for filing 42 U.S.C. § 1983 actions.[1] After reviewing the Complaint and finding deficiencies with this pleading, the undersigned determined that Plaintiff should be provided an opportunity to file an amended complaint to correct the deficiencies.

On March 19, 2024, the undersigned entered an Order explaining the deficiencies in the Complaint and providing Plaintiff with specific instructions regarding filing an amended complaint. Doc. 8. Plaintiff filed an Amended Complaint on April 1, 2024, naming the same defendants as he did in his original complaint—Judge David Johnson, Jeremy Armstrong, Esq., Connie Cooper, Esq., District Attorney Kenneth Davis, District Attorney Mark Anthony, and public defender Vicki Novack. Doc. 13. The undersigned has

---

[1] Although the Clerk stamped Plaintiff's Complaint "received" on September 22, 2023, Plaintiff signed that document on September 21, 2023. Doc. 1. A pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41(11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir.1993). The Court therefore considers the filing date to be September 21, 2023.

carefully reviewed the Amended Complaint and finds it fails to comport with the specific directives in the Order of March 19, 2024.

The undersigned specifically informed Plaintiff in the March 19, 2024, Order that his amended complaint must contain one claim and any claim that can be shown closely related to it in time and type, identify the individual(s) state actors personally responsible for the conduct and actions Plaintiff claimed violated his constitutional rights, specifically describe how each named defendant acted in a manner that deprived Plaintiff of his constitutional rights, and plead a short and plain statement of the claim that would give each defendant fair notice of Plaintiff's claim(s) and the ground on which it rests. *See* Doc. 8 at 4–5. Review of Plaintiff's Amended Complaint reflects it again fails on the same grounds as his original complaint. Specifically, it fails to specifically describe how each named defendant acted in a manner that deprived Plaintiff of his constitutional rights, names defendants generally not subject to suit under § 1983, asserts allegations that occurred beyond the two-year limitation period, and fails to articulate a claim against each named defendant which provides them with fair notice of the claim being asserted against them, and therefore once again amounts to an impermissible shotgun pleading. *See* Doc. 13.

The undersigned finds that Plaintiff's Amended Complaint fails to assert those material facts necessary to establish a cognizable and viable claim against any properly named defendant. *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). That is, Plaintiff's Amended Complaint fails to identify specific facts that allow the Court to make any plausible inference that any of the treatment he allegedly received from a named

2

defendant amounted to a violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Pleadings which are general and non-specific create confusion not only for the defendant in trying to frame a responsive pleading but also for the Court in trying to determine the scope of Plaintiff's claims. Furthermore, despite the liberality afforded pro se filings, *Hughes v. Rowe*, 449 U.S. 5 (1980), the Court may not make Plaintiff's arguments for him or otherwise re-write a deficient complaint.

    Additionally, even if the undersigned could properly discern a claim from the Amended Complaint, Plaintiff asserts allegations that appear to be filed beyond the applicable limitation period. The March 19, 2024, Order informed Plaintiff that to have his claims heard, they must be brought within two years from the dated the limitations period began to run. *See* Doc. 8 at 3–4. Review of Plaintiff's Amended Complaint shows he asserts allegations that occurred between 2015 and 2018. *See* Doc. 13 at 2.

    "All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally, the limitations period begins to run from the date "the facts which would

3

support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)). By Plaintiff's own admission, the events with which he takes issue occurred between 2015 and 2018. *See* Doc. 13 at 2. However, Plaintiff did not file this action until September 21, 2023, which was after the limitations period expired. Thus, even if Plaintiff's Amended Complaint were not subject to dismissal for his failure to comply with the Order of March 19, 2024, it appears from the face of the Amended Complaint that it is time-barred.

      Based on the above, the undersigned concludes that dismissal of the case at this juncture is the proper sanction. After affording Plaintiff an opportunity to file an amended complaint, he failed to submit one which complied with the specific directives provided by the Court regarding the filing of an amended complaint. The general, vague, and muddled nature of the allegations asserted in Plaintiff's Amended Complaint simply do not afford the named defendants fair notice of any actions or inactions on their part which violated any specific right of Plaintiff. The undersigned, therefore, concludes that dismissal of this case is appropriate for Plaintiff's failure to comply with the specific order of the Court regarding the filing of an amended complaint. *Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a

4

litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); *World Thrust Films, Inc., v. Int'l Fam. Ent., Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995).[2]

Accordingly, the undersigned Magistrate Judge RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that by **October 22, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation if not a final order and therefore it is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th CIR. R. 3-1.

---

[2] Plaintiff may, if he desires to do so, file another civil action if he is able to file a complaint which complies with the directives identified in the Court's March 19, 2024, Order, regarding the manner in which his complaint must be pled.

Done, this 8th day of October 2024.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE